**Frances T. MILLER, Plaintiff–Appellant,**

v.

**VERIZON LONG TERM DISABILITY PLAN, Defendant–Appellee.**

No. 07–35182.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2008.*

Filed Aug. 12, 2008.

Ahmet Chabuk, Esq., Silverdale, WA, for Plaintiff–Appellant.

Peter Petrakis, Rachel S. Urquhart, Esq., Meckler Bulger & Tilson, Chicago, IL, Stephanie P. Berntsen, Esq., Schwabe, Williamson & Wyatt, Seattle, WA, for Defendant–Appellee.

Before: PREGERSON, HALL, and NOONAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Frances T. Miller appeals the district court's dismissal of her suit against Verizon for long term disability benefits. The parties are familiar with the facts of the case, and we repeat them here only to the extent necessary. We review the district court's order dismissing Miller's case de novo. *See Bassiri v. Xerox Corp.*, 463 F.3d 927, 929 (9th Cir.2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court dismissed Miller's case on two alternative grounds: (1) that Miller had not filed her lawsuit against Verizon within the limitations period outlined in Verizon's Long Term Disability Plan ("Long Plan"), and (2) that Miller had not timely filed her notice and proof of claim for long term disability benefits with Verizon. Because we conclude that the district court properly dismissed Miller's lawsuit on the first ground, we need not reach the second ground.

The Long Plan requires that legal action be filed no less than ninety days after proof of a claim was filed and no more than three years after proof of a claim was required. Under the terms of the Long Plan, proof of Miller's claim was required to be filed by November 23, 2002. Therefore, Miller was required to file her lawsuit by November 23, 2005 at the latest.

However, Miller did not take legal action against Verizon until July 12, 2006, when she filed her motion to proceed *in forma pauperis*. Thus, under the terms of the Long Plan's limitations period, Miller was approximately eight months too late.[1] Moreover, because Miller did not address this issue in her briefing, she has waived it on appeal. *See, e.g., Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir.1995).

For the foregoing reasons, the district court's dismissal with prejudice is **AFFIRMED**.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Though Miller attached her complaint to her July 12, 2006 motion to proceed *in forma pauperis*, her complaint was not entered until October 19, 2006. Thus, her complaint was technically filed approximately eleven months late.